UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Mara T. Best | : | Case No.: |
|     Plaintiff | : | |
| v. | : | **COMPLAINT** |
| United of Omaha Life Insurance Company | : | |
|     Defendant | : | |

Plaintiff, Mara Best, for her Complaint against Defendant United of Omaha Life Insurance Company ("Omaha") states as follows:

1. Ms. Best is an individual who resides in Greenwood, Maine and who is or was a participant in a long term disability plan ("the Plan") sponsored by her former employer Oxford County Mental Health Services, for who she worked as an outpatient therapist.

2. The Plan is funded through a group long term disability insurance policy issued by Omaha to Oxford County Mental Health Services (the "Policy").

3. Omaha was the administrator for all long term disability claims filed under the Policy.

4. Omaha is a foreign company and has its principal location of business in Omaha, Nebraska.

5. Omaha acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations and payments made pursuant to the Policy.

6. Ms. Best brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has subject

matter jurisdiction over this action, and it may assert personal jurisdiction over Omaha because, per ERISA 502(e), Omaha undertook to insure an ERISA plan that affected participants in this District.

## Claim for Relief

7. The Policy provides that UNUM will pay long term disability benefits to participants who are participants under the Plan.

8. Under the Policy, disability is defined as follows:

> Disability and disabled mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
> a) during the Elimination period you are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> b) after the Elimination Period, You are:
>   1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>   2. unable to generate Current Earnings which exceed 99% of You Basic Monthly Earnings due to that same Injury or Sickness.

9. Ms. Best stopped working due to dyspnea, coronary arteriosclerosis, and coronary artery disease on October 10, 2018.

10. Ms. Best became disabled under the policy on or about November 11, 2018.

11. On October 11, 2018, Ms. Best underwent a cardiac catheterization.

12. Ms. Best has qualified for long term disability under the Policy.

13. Ms. Best submitted a claim for long term disability benefits to Omaha on October 18, 2018.

14. Ms. Best submitted a claim for short term disability benefits on October 23, 2018, which were awarded.

15. On August 19, 2019, Ms. Best was awarded disability benefits by the Social Security Administration.

16. By letter dated August 23, 2019, Omaha denied long term disability benefits.

17. Ms. Best timely appealed that determination by letter dated December 31, 2019.

18. Omaha upheld its determination by letter dated, March 13, 2020. Specifically, Omaha concluded that the medical documentation did not contain findings that revealed any deficits or impairments that would preclude Ms. Best from performing her own occupation.

19. Ms. Best exhausted her condition precedents under the Policy and Plan.

20. As a result of the foregoing, Ms. Best has suffered a loss in the form of unpaid benefits.

21. Ms. Best is entitled to a judgment against Omaha in the amount of the unpaid short term disability benefits under the Policy and Plan.

22. Ms. Best is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff, Ms. Best, requests the Court grant her the following relief from Defendant Omaha:

    a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b. An order reinstating her benefits and ordering that they be paid through coverage under the Plan and Policy.

    c. Her costs and attorney's fees; and

    d. All other relief the Court may deem proper.

Dated: June 21, 2021

/s/ Andrew S. Davis
Andrew S. Davis
LAMBERT COFFIN
Two Monument Square, Suite 400
Portland, Maine 04101
207.874.4000
adavis@lambertcoffin.com